IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-01164-MSK-KLM

DAVID DONALD RITZ,

   Plaintiff,

v.

CLAUDIA JEAN JORDAN,

   Defendant.
_____

## ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Defendant's **Unopposed Motion to Stay Discovery and Vacate Scheduling Conference** [Docket No. 12; Filed July 24, 2008] (the "Motion to Stay"). The Court has reviewed the Motion to Stay, the entire case file and applicable case law and is sufficiently advised in the premises. Accordingly, IT IS HEREBY **ORDERED** that the Motion to Stay is **GRANTED**, as set forth below.

Defendant moves this Court to vacate the Scheduling Conference currently set for August 5, 2008, and to stay all corresponding Fed. R. Civ. P. 26 deadlines until resolution of Defendant's pending Motion to Dismiss [Docket No. 9; filed June 25, 2008].

Although a stay of discovery is generally disfavored in this jurisdiction, the Court has broad discretion to stay an action while a Motion to Dismiss is pending pursuant to Fed. R. Civ. P. 26(c). *See String Cheese Incident, LLC v. Stylus Shows, Inc.*, 2006 WL 894955, at *2 (D.Colo. Mar. 30, 2006).

1

In weighing the factors set forth for determining the propriety of a stay, the Court finds that a stay is appropriate here. *Id.* First, the Court balances the Plaintiff's desire to proceed expeditiously with his case against the burden on Defendant of proceeding forward. *Id.* Defendant has filed a Motion to Dismiss asserting, *inter alia*, that Plaintiff's claims are barred by the doctrine of judicial immunity. Defendant has done more than offer conclusory assertions that jurisdiction is lacking – she has filed a Motion to Dismiss supported by legal analysis.[1] In such a circumstance, the Court determines that the burden on Defendants of going forward with discovery outweighs the desire of Plaintiff to have his case proceed expeditiously. *See id.* (finding "that subjecting a party to discovery when a motion to dismiss for lack of personal jurisdiction is pending may subject him to undue burden and expense, particularly if the motion to dismiss is later granted"). The Court also notes that Defendant's Motion to Stay indicates that Plaintiff does not oppose the stay of his case pending resolution of the Motion to Dismiss. *Motion to Stay* [#12] at 1.

The Court also considers its own convenience, the interest of nonparties, and the public interest in general. None of these factors prompt the Court to reach a different result. In fact, the Court notes that neither its nor the parties' time is well-served by proceeding with discovery regarding the substance of the suit when, as here, a dispositive motion involving judicial immunity is pending. *Rome v. Romero*, 225 F.R.D. 640, 643-44 (D.Colo. 2004) ; *see also Chavous v. D.C. Fin. Responsibility & Mgmt. Assistance Auth.*, 201 F.R.D. 1, 2 (D.D.C. 2001) ("A stay of discovery pending the determination of a

---

[1] As the Motion to Dismiss has not been referred to the Magistrate Judge, the Court takes no position as to whether Defendant's Motion to Dismiss should be granted, but merely notes that it appears that the Motion is based upon more than idle speculation.

2

dispositive motion 'is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources.'" (citations omitted)). Likewise, the imposition of a stay pending a decision on a dispositive motion that would fully resolve the case "furthers the ends of economy and efficiency, since if [the motion] is granted, there will be no need for discovery." *Chavous*, 201 F.R.D at 5. Finally, there are no compelling nonparty or public interests triggered by the facts at issue in this case.

Accordingly, IT IS HEREBY **ORDERED** that the Motion to Stay is **GRANTED**. The Scheduling Conference set for August 5, 2008 is **VACATED** and the case is **STAYED**, until such time as the Court rules on Defendant's Motion to Dismiss.

                                      BY THE COURT:

                                      __s/ Kristen L. Mix_____

                                      United States Magistrate Judge

Dated: July 28, 2008