IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-01164-CMA-KLM

DAVID DONALD RITZ,

    Plaintiff,

v.

CLAUDIA JEAN JORDAN,

    Defendant.
_____

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Defendant's **Motion to Dismiss** [Docket No. 9; Filed June 25, 2008] (the "Motion to Dismiss"). Pursuant to 28 U.S.C. § 636(b)(1)(A) and D.C. COLO.LCivR. 72.1.C., the matter has been referred to this Court for recommendation. The Court has reviewed the Motion to Dismiss, Plaintiff's Response [Docket No. 10; Filed July 21, 2008][1], Defendant's Reply [Docket No. 16; Filed August 31, 2008], the entire case file, and the applicable law and is sufficiently advised in the premises. For the reasons set forth below, the Court respectfully **RECOMMENDS** that the Motion to Dismiss be **GRANTED**.

**I.    Statement of the Case**

Plaintiff filed his *pro se* Complaint [#1-2] in the District Court of El Paso County,

---

[1]Although the Court notes that Plaintiff's Response was filed untimely pursuant to D.C.Colo.LCivR. 7.1(C) and Fed. R. Civ. P. 6(d), considering Plaintiff's *pro se* status, the Court declines to strike Plaintiff's late response, and has considered it in ruling on the Motion to Dismiss.

1

Colorado on May 9, 2008, alleging violations of various constitutional rights by Defendant Claudia Jean Jordan, a Denver County Court Judge. Defendant filed a Notice of Removal to this Court on June 2, 2008 [Docket No. 1]. Plaintiff's claims are based upon Defendant serving as the presiding judge over Denver County Court Case No. 07-M-17458, which involved the prosecution of Plaintiff pursuant to Colo. Rev. Stat. § 39-21-118(3) for his failure to pay Colorado income taxes. *Motion to Dismiss* [#9] at 2; Ex. A. Plaintiff alleges that during the course of his case, "Defendant violated . . . the God given, inalienable rights of Plaintiff, which are protected by the Constitution for the united [sic] States of America and that of the Colorado State Republic." *Complaint* [#1-2] at 2. He further alleges that "in violation of [his] Constitutionally protected God given inalienable Rights, [he] is charged in the above mentioned case with a [sic] 'infamous crime' without a 'Bonafide Complaint by injured party and without a presentment of indictment of a Grand Jury.'" *Id.* Plaintiff alleges that the actions of Defendant violated his constitutional right to be free from slavery, pursuant to the Thirteenth Amendment. *Id.* at 3. Plaintiff's sole request for relief is for damages in the amount of $1,000,000.00 for each violation of his constitutional rights. *Id.* Defendant has filed a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6), asserting that she is entitled to absolute judicial immunity with respect to Plaintiff's claims. *Motion to Dismiss* [#9] at 3-7.

**II.    Discussion**

    **A.    Legal Standards Applicable to Plaintiff's Claims**

        **1.    Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6)**

When deciding a Motion to Dismiss brought pursuant to Fed. R. Civ. P. 12(b)(6), the

Court must accept all the well-pleaded allegations of the complaint as true and must construe them in the light most favorable to the Plaintiff. *Erickson v. Pardus*, ____ U.S. ____, 127 S. Ct. 2197 (2007). Courts should look to the specific allegations of the complaint to determine whether they plausibly support a legal claim for relief. *Alvarado v. KOB-TV, LLC*, 493 F.3d 1210, 1215 (10th Cir. 2007). That is, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *TON Services, Inc. v. Qwest Corp.*, 493 F.3d 1225, 1235 (10th Cir. 2007). The complaint must sufficiently allege facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed. *Lane v. Simon*, 495 F.3d 1182 (10th Cir. 2007). As the Tenth Circuit has explained, "the mere metaphysical possibility that <u>some</u> plaintiff could prove <u>some</u> set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that <u>this</u> plaintiff has a reasonable likelihood of mustering factual support for <u>these</u> claims." *Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174 (10th Cir. 2007). Additionally, a court evaluating a complaint tested by a motion to dismiss may only consider the complaint and any documents attached to it as exhibits. *Hall*, 935 F.2d at 1112; *see also Erickson*, 127 S. Ct. at 2200 (evaluating sufficiency of complaint by reference only to the allegations of the complaint).

Finally, because Plaintiff here is proceeding *pro se*, the Court construes his pleadings liberally. *Ledbetter v. City of Topeka, Kan.*, 318 F.3d 1183, 1187 (10th Cir. 2003). Even so, Plaintiff still retains "the burden of alleging sufficient facts on which a recognized legal claim could be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). This burden remains because a "*pro se* plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the

3

court is to determine whether he makes out a claim on which relief can be granted." *Id.*

### B. Analysis

Construing Plaintiff's Complaint liberally, the Court finds that his claims against Defendant are brought pursuant to 42 U.S.C. § 1983 for violation of his right to be free from slavery pursuant to the Thirteenth Amendment. 42 U.S.C. § 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit at equity, or other proper proceeding for redress.

#### 1. Judicial Immunity

Defendant contends that she is immune from suit by virtue of absolute judicial immunity. *Motion to Dismiss* [#9] at 4. Judicial immunity has been extended to suits brought pursuant to Section 1983. *See Pierson v. Ray*, 386 U.S. 547, 554 (1967). If Defendant is entitled to absolute judicial immunity for her actions, then Plaintiff's claims should be dismissed at the outset. *See Horwitz v. State Bd. of Med. Exam'rs of the State of Colorado*, 822 F.2d 1508, 1512 (10th Cir. 1987).

It is well established that judges are immune from suits for money damages based upon actions taken in the judge's official capacity. *See, e.g., Mireles v. Waco*, 502 U.S. 9, 10 (1991); *Bradley v. Fisher*, 80 U.S. 335, 351 (1871). Recognizing that it is a "general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in [her], [should] be free to act upon [her] own convictions, without apprehension of personal consequence," the Supreme Court has held that "judges of courts of superior or general jurisdictions are not liable to civil actions for

4

their judicial acts, even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly." *Bradley*, 80 U.S. at 347, 351.

That is, allegations that the judge acted with malice, corruption, negligence, or bad faith are not sufficient to overcome immunity. *Mireles*, 502 U.S. at 11; *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978). Instead, there are only two recognized exceptions to judicial immunity: (1) where the action was not taken in the judge's official judicial capacity, or (2) where the judge acted "in complete absence of all jurisdiction." *Mireles*, 502 U.S. at 11-12. In determining whether the action was outside a judge's official capacity, the focus is not upon the particulars of the act itself, but instead, on the "nature" or "function" of the act. *Id.* at 12-13. The Court's inquiry is whether the act "is a function normally performed by a judge, and to the expectations of the parties, i.e., whether they deal with the judge in [her] judicial capacity." *Stump*, 435 U.S. at 362.

In the current case, although Plaintiff's allegations are not entirely clear, he appears to allege that Defendant violated his Thirteenth Amendment rights when she presided over his criminal case in Denver County Court. *Complaint* [#1-2] at 1-3. Here, there is no meaningful dispute regarding whether Defendant's actions were undertaken in her official capacity. Although Plaintiff makes numerous allegations regarding the instances when Defendant "stepped out of her official capacity," Plaintiff improperly focuses on the particulars of her acts, not their fundamental nature. *See, e.g., Response* [#10] at 2. Indeed, conducting judicial proceedings is a matter central to the general functions ordinarily performed by a judge. *Stump*, 435 U.S. at 360. Moreover, the expectations of the parties in this action clearly were that they were dealing with Defendant in her judicial capacity, and not in an un-official capacity, as Plaintiff does not allege Defendant took any

5

actions against him other than those which occurred during the criminal proceeding.  *Id.*  Therefore, Defendant's actions in conducting a hearing are indisputably actions undertaken in her official capacity, for which she is immune from claims for damages.  *Mireles*, 502 U.S. at 12-13.

Second, this action was not in "clear absence of all jurisdiction."  *Id.*  Plaintiff has asserted that "[t]he Supreme Court of the United States has stated that it is an Act of Treason against the Constitution for a court to proceed without jurisdiction.  Defendant has done just that. . . .In this case the People of the State of Colorado are listed as the plaintiff.  It has been upheld in your Federal courts, that the People of the State of Colorado are not a suable entity."  *Complaint* [#1-2] at 2.  Although Plaintiff appears to argue that the People of the State of Colorado, the name of the prosecuting party in Case No. 07-M-17458, are unable to sue and therefore the Denver County Court lacked jurisdiction to hear his criminal case, Plaintiff presents no relevant authority to this effect.  Instead, Defendant clearly acted within her jurisdiction in ruling on Plaintiff's state court proceedings.  First, Colorado law provides the Colorado Attorney General with the authority to commence legal proceedings on behalf of the Colorado Department of Revenue.  *See* Colo. Rev. Stat. § 24-35-112.  Moreover,  the Colorado Rules of Criminal Procedure provide the authority for the State of Colorado to charge a misdemeanor in Colorado County Court and Colorado law grants the County Courts jurisdiction to hear misdemeanor offenses.  *See* Colo. R. Crim. P. 4.1; Colo. Rev. Stat. § 13-6-106.  Finally, pursuant to Colorado law, the People of the State of Colorado is the name of the party used in State of Colorado criminal prosecutions.  *See* Colo. Rev. Stat. § 16-5-202.  Therefore, it is obvious that pursuant to the laws of the State of Colorado, Defendant was acting within her established jurisdiction when she presided

over Plaintiff's proceeding in Case No. 07-M-17458. *Mireles*, 502 U.S. at 12-13.

Plaintiff's Complaint is precisely the type of filing that the Supreme Court has recognized as necessitating the doctrine of judicial immunity. *See Butz v. Economou*, 438 U.S. 478, 512 (1978) (citing *Pierson*, 386 U.S. at 554) ("The loser in one forum will frequently seek another, charging the participants in the first with unconstitutional animus."). Plaintiff has not provided any grounds on which the Court may find that Defendant's actions were taken in a "clear absence of all jurisdiction." *Mireles*, 502 U.S. at 11-12. Because Plaintiff has failed to allege either of the two recognized exceptions to judicial immunity, Plaintiff has failed to allege sufficient grounds to deprive Defendant of her judicial immunity regarding claims for money damages, and has failed to state a claim upon which relief can be granted. *Id.*

### III. Conclusion

As set forth above, I respectfully **RECOMMEND** that Defendant's **Motion to Dismiss** [Docket No. 9; Filed June 25, 2008] be **GRANTED** and that Plaintiff's Complaint be **DISMISSED WITH PREJUDICE** pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.

FURTHER, IT IS **ORDERED** that pursuant to 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), the parties have ten (10) days after service of this Recommendation to serve and file specific, written objections. A party's failure to serve and file specific, written objections waives *de novo* review of the Recommendation by the district judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *In re Key Energy Resources Inc.*, 230 F.3d 1197,

1199-1200 (10th Cir. 2000). A party's objections to this Recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review. *United States v. One Parcel of Real Property*, 73 F.3d 1057, 1060 (10th Cir. 1996).

                                         BY THE COURT:

                                         __s/ Kristen L. Mix_____

                                         United States Magistrate Judge

      Dated: November 17, 2008