IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Christine M. Arguello**

Civil Action No. 08-cv-01164-CMA-KLM

DAVID DONALD RITZ,

    Plaintiff,

v.

CLAUDIA JEAN JORDAN,

    Defendant.

---

**ORDER DENYING NOTICE OF OBJECTION TO ORDER AND REQUEST FOR COURT TO CORRECT ERRORS**

---

This matter is before the Court on Plaintiff David Donald, Ritz' Notice of Objection to Order and Request for Court to Correct Errors (Doc. # 23). For the following reasons, Plaintiff's Notice and Request is DENIED.

## FACTUAL BACKGROUND

Plaintiff is a tax protestor. This case is one of three federal lawsuits brought by Plaintiff that somehow relates to his repeated failure to pay federal or state income taxes. On May 9, 2008, Plaintiff filed this *pro se* action in the District Court for El Paso County, Colorado. He named Claudia Jean Jordan, the presiding judge in a state tax prosecution case against Plaintiff, Denver County Court Case No. 07M17458, as a defendant. In his "Complaint in We the Peoples Common Law," Plaintiff seeks at least $1,000,000 in damages against Judge Jordan for alleged violations of Plaintiff's constitutional rights. Plaintiff's Complaint against Judge Jordan did not help his defense

and on May 13, 2008, a jury found him guilty of failing to pay his state income taxes in violation of C.R.S. § 39-21-118(3).  After Plaintiff's conviction, Judge Jordan removed this matter from El Paso County to this Court and it was referred to Magistrate Judge Mix for handling and recommendation on dispositive matters.  Meanwhile, in Case No. 07M17458, Plaintiff failed to appear at his sentencing hearing on June 20, 2008, so Judge Jordan issued a warrant for his arrest.  The record is unclear whether or how the arrest warrant was cleared up.

Regardless, on June 25, 2008, Judge Jordan filed Motion to Dismiss Plaintiff's Complaint against her (Doc. # 9).  The parties completed briefing on the Motion to Dismiss and, on November 17, 2008, Magistrate Judge Mix recommended that Plaintiff's claims be dismissed for failure to state a claim (Doc. # 20).  The Court adopted and affirmed the Magistrate Judge's Recommendation on December 3, 2008 (Doc. # 21).  On December 11, 2008, Plaintiff filed a "Notice of Objection to Order and Request for Court to Correct Errors."  In the Notice and Request, Plaintiff asks the Court to reject the Magistrate Judge's Recommendation and to reconsider dismissal of his lawsuit.  Although not labeled as such, the Court will treat the Notice and Request as a Motion for Reconsideration pursuant to Federal Rules 59(e) and 60(b).  As explained below, Plaintiff's request for reconsideration fails under either standard.

## STANDARD OF REVIEW

Under Federal Rule 59(e), a district court has discretion to alter or amend a judgment. *See* Fed. R. Civ. P. 59(e); *Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994). Motions under Federal Rule 59(e) are intended to "correct manifest errors of law or to present newly discovered evidence." *Committee for First Amend. v. Campbell*, 962 F.2d 1517, 1523 (10th Cir. 1992) (quoting *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985), *cert denied* 476 U.S. 1171 (1986)).

Likewise, under Federal Rule 60(b), a district court has discretion to relieve a party from an order based on "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). "A 'mistake' may occur if the court made a substantive mistake of law in its order." *Manning v. Astrue*, 510 F.3d 1246, 1249 (10th Cir. 2007). Relief under Federal Rule 60(b) "is extraordinary and may only be granted in exceptional circumstances." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1009 (10th Cir. 2000). There is a one-year time limit to file a motion under Federal Rule 60(b). *See* Fed.R.Civ.P. 60(c).

## ANALYSIS

As noted above, Plaintiff does not like to pay state or federal income taxes. His argument against taxation has been heard before: Plaintiff insists he is not a "U.S. Citizen," but instead is a "native born American, a one of We the People of the Freely Associated Compact States of Our Constitutional Republic, a non-Fourteenth Amendment citizen, one of We the People of the Colorado state Republic . . . ."

(Doc. # 23, p. 1). According to Plaintiff, the end result of this self-selected citizenship status is that he is not obliged to follow the federal or state tax laws. He also argues that his altered citizenship should have prevented Judge Jordan from exercising personal jurisdiction over him without his consent and that because she failed to recognize these facts, she violated his constitutional rights.

Plaintiff offers a litany of arguments related to this natural born citizen theme in his Notice and Request. He argues that the Court improperly dismissed his Complaint without giving him an opportunity to be heard and that the Court failed to recognize that Plaintiff's unique citizenship required different legal standards to be applied. However, in contrast to Plaintiff's arguments, Plaintiff **did** receive a forum for his claims and the Court **did** evaluate his Complaint under the appropriate standard of review. What Plaintiff fails to appreciate, is that the Court did not ignore Plaintiff's Complaint and proclaimed citizenship, but the Court found his legal theories completely lacking a plausible basis for relief. Thus, contrary to Plaintiff's arguments, the Court did not need to ask Plaintiff to clarify his claims before dismissing his Complaint because, implicit in the Court's dismissal, is the holding that no amount of clarification or amendment by Plaintiff could save his claims from dismissal.

Indeed, in reviewing Plaintiff's Notice and Request, the Court finds no manifest error of law or fact that would cause it to reconsider Magistrate Judge Mix' November 17, 2008 Recommendation. Plaintiff's Notice and Request largely repeats his earlier pleadings and briefs, and many of Plaintiff's arguments are utterly unintelligible. As for

4

the legal theories the Court can decipher, identical theories have been routinely rejected by courts in this and other circuits.  *See, e.g., United States v. Hilgeford,* 7 F.3d 1340, 1342 (7th Cir. 1993) ("We are again faced with a 'shop worn' argument of the tax protester movement. The defendant in this case apparently holds a sincere belief that he is a citizen of the mythical 'Indiana State Republic' and for that reason is an alien beyond the jurisdictional reach of the federal courts. This belief is, of course, incorrect."); *Lonsdale v. United States*, 919 F.2d 1440, 1448 (10th Cir. 1990) (rejecting argument that "'free born, white, preamble, sovereign, natural, individual common law 'de jure' citizens of a state, etc.' are not 'persons' subject to taxation under the Internal Revenue code" as "completely lacking in legal merit and patently frivolous").

In short, Plaintiff's arguments fair no better on reconsideration than they did initially.  His claims against Judge Jordan should be dismissed for the reasons stated by Magistrate Judge Mix in her thorough and fair November 17, 2008 Recommendation and the Court's December 3, 2008 Order adopting the Recommendation.  Moreover, given the repeated and absolute rejection of Plaintiff's "patently frivolous" arguments, the Court explicitly warns Plaintiff that continued pursuit of claims like those brought in this lawsuit may result in monetary sanctions against him.  *See Lonsdale*, 919 F.2d at 1448 (awarding double costs and $500.00 in sanctions against tax protestor plaintiff to defray costs of frivolous litigation).

Accordingly, Plaintiff's Notice of Objection and Request to Correct Errors (Doc. # 23) is DENIED; and it is

FURTHER ORDERED that additional frivolous filings by Plaintiff may result in monetary sanctions.

DATED: December  16 , 2008

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge